500 So.2d 657 (1986)
STATE of Florida, Appellant,
v.
Danny Ray WEITZ, Appellee.
No. BO-115.
District Court of Appeal of Florida, First District.
December 30, 1986.
Rehearing Denied January 26, 1987.
Jim Smith, Atty. Gen., and John W. Tiedemann, Tallahassee, for appellant.
Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellee.
BARFIELD, Judge.
Danny Ray Weitz was charged with DUI, in violation of section 316.193, Florida Statutes (1985).[1] The State appeals the trial court's order granting appellee's pretrial motion to suppress the report of a urinalysis showing the presence of illegal drugs, invoking this Court's discretionary jurisdiction under Florida Rules of Appellate Procedure 9.030(b)(4)(B) and 9.140(c)(1)(B). We find this to be an appealable order[2] and accept jurisdiction because this case presents an issue which we consider to be of great public importance. We reverse the trial court's order ruling the urinalysis report irrelevant and unduly prejudicial.
Appellee was the driver of an automobile which caused an accident. The investigating officer arrested him after he failed a series of field sobriety tests, because he smelled of an alcoholic beverage, and because of other indicia of intoxication. Appellee admitted having had three beers.
At the jail, the intoxilyzer operator administered two chemical breath tests which resulted in successive readings of 0.017% blood alcohol level. Because this low reading was inconsistent with appellee's apparent state of intoxication, the officer suspected the presence of other drugs and took a urine sample. Analysis of that sample by the Florida Department of Law Enforcement *658 disclosed the presence of an unquantified amount of methaqualone, cocaine and phenobarbital.[3]
After a hearing at which a forensic toxicologist, the arresting officer, and the intoxilyzer operator testified, the county court judge granted appellee's motion to suppress the urinalysis report, having made the following findings: 1) no evidence was presented that proved what effect the presence of these drugs in appellee's urine might have on his normal faculties; 2) the toxicologist's testimony revealed that it is impossible to determine within a reasonable degree of scientific probability the degree of impairment at the time of the offense based on the mere presence of drugs in appellee's urine; 3) the urinalysis results have insufficient probative value to be legally relevant; and 4) the prejudicial effect of the urinalysis results outweigh any probative value. The judge also certified the following issue to this Court as one of great public importance:
Is evidence of the mere presence of cocaine, methaqualone, and phenobarbital in the defendant's urine, in an unquantified amount, admissible in a trial of the defendant for a charge of driving under the influence of alcohol or controlled substance when considered in the light most favorable to the state, the degree of impairment, if any, cannot be determined within a reasonable degree of scientific probability?
Notwithstanding the trial court's phrasing of the issue, the question before us at this time is whether, under the particular facts and circumstances of this case, the trial judge erred in granting appellee's motion to suppress the urinalysis report. The statutory language providing that urinalysis results shall be admissible in DUI cases "when otherwise admissible"[4] implies that such evidence is subject only to the usual qualifications and limitations relating to competency, relevancy and weight.
In order for competent[5] evidence to be admissible, it must be relevant, and in addition, its probative value must not be substantially outweighed by the danger of unfair prejudice. Ehrhardt, Florida Evidence §§ 402.1, 403.1 (2d Ed. 1984).
Relevant evidence is evidence tending to prove or disprove a material fact. In order to determine whether evidence has probative value, the fact which it is offered to prove must be identified. Id. at § 401.1. Evidence may be probative of one fact and not another, but evidence tending to prove or disprove one material element is relevant, even if it does not tend to prove or disprove the other elements.
There are three material elements of a DUI charge: 1) that the defendant was driving or in actual physical control of the vehicle, 2) that he was under the influence of an alcoholic beverage or a controlled substance, and 3) that he was affected to the extent that his normal faculties were impaired.[6] Appellant's admission that he had been drinking and the officers' testimony that the defendant smelled of an alcoholic beverage speak directly to the second element of the DUI charge, and such evidence logically tends to prove that appellant was "under the influence" of alcohol. It does not address the other two elements: control of the vehicle or impairment.
Likewise, the evidence of drugs in appellee's system does not tend to prove he *659 was driving, nor does it tend to prove that his normal faculties were impaired. It does tend to prove that he was "under the influence" of those drugs. This is an absolutely necessary material element of the DUI charge, of which the State must present some proof. The extent of that influence is a separate element, provable by other evidence, including the observations of the police officers and the fact that appellee caused an accident.[7] The trial court erred in finding evidence of drugs in appellee's system inadmissible unless it could be linked quantitatively to impairment.
Relevant evidence is nevertheless inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice.[8] The trial court ruled that evidence of illegal drugs in appellee's system was too prejudicial to be admissible.
While it is true that knowledge that a defendant had ingested illegal drugs may prejudice some prospective jurors, it is quite another matter to say that because of such possible bias no juror in a trial for driving under the influence of alcohol or drugs may hear that the defendant had ingested drugs prior to the incident.[9] In addition to the many constitutionally guaranteed protections afforded at trial, the defendant has an unlimited number of challenges for cause and three peremptory challenges by means of which to remove prospective jurors from a jury panel.
The jury is entitled to consider evidence tending to prove any of the necessary material elements of an offense. The trial court erred in granting the motion to suppress evidence of drugs in appellee's body. REVERSED and REMANDED for further proceedings consistent with this opinion.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] Driving, or being in physical control of, a vehicle while under the influence of alcoholic beverages or a chemical or controlled substance, or with a specified blood alcohol level.
[2] State v. Palmore, 495 So.2d 1170 (Fla. 1986); State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984); State v. Segura, 378 So.2d 1240 (Fla. 2nd DCA 1979).
[3] Controlled substances under section 893.03, Florida Statutes (1985).
[4] Section 316.1934(2), Florida Statutes (1985): "Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of, a vehicle while under the influence of alcoholic beverages or controlled substances, when affected to the extent that his normal faculties were impaired or to the extent that he was deprived of full possession of his normal faculties, the results of any test administered in accordance with § 316.1932 or § 316.1933 and this section shall be admissible into evidence when otherwise admissible, ... ."
[5] There is no issue raised in this appeal regarding the competency of the evidence.
[6] Fla. Std. Jury Instr. (Crim.) F.S. 316.193.
[7] Section 316.1934(2), Florida Statutes (1985), provides a statutory presumption of impairment upon evidence of a specific percent blood alcohol level. There is no statutory presumption linking impairment to the presence of drugs in a defendant's body. In order to prove impairment in a DUI/controlled substance case, the state must introduce other evidence such as the observations of police officers. Chemical test results are not required at trial and, when alcohol is the intoxicant, such test results merely give rise to a presumption of impairment. Impairment is ultimately a question of fact for the jury, whether or not there are chemical test results in evidence, and regardless of what those test results show.
[8] Section 90.403, Fla. Stat. (1985); Ehrhardt, § 403.1.
[9] This trial judge's beliefs about the relevancy of drugs in the body and the prejudicial effect of that fact on the jury appear to virtually eliminate the possibility of a conviction for DUI/controlled substances in his court.