508 So.2d 1259 (1987)
STATE of Florida, Appellant,
v.
John McCLAIN, Appellee.
No. 4-86-1425.
District Court of Appeal of Florida, Fourth District.
May 20, 1987.
Rehearing Denied, Certification and Stay Granted July 14, 1987.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Michael M. Baker, Asst. Atty. Gen., West Palm Beach, for appellant.
Michael J. Doddo of Michael Doddo, P.A., Plantation, for appellee.
GLICKSTEIN, Judge.
The state appeals an order in the criminal division of the Broward County Circuit Court granting suppression of evidence of *1260 a small quantity of cocaine in the defendant's blood. We affirm.
On December 31, 1984, appellee/defendant John Charles McClain was charged by information with manslaughter by operation of a motor vehicle while intoxicated, contrary to section 316.1931(2), Florida Statutes, and with operating a motor vehicle while his driver's license was suspended or revoked, contrary to section 322.34, Florida Statutes.
After substantial discovery by both sides, a hearing was held April 8, 1986, on McClain's motion to suppress evidence of his blood alcohol level at the time of the accident. The motion was denied, but with leave to renew at the time of trial as a motion in limine. Subsequently McClain moved to exclude all reference to the presence of a small quantity of cocaine found in his blood during a post arrest blood test. A hearing was held May 20, 1986. Following hearing, McClain's motion was granted. The state timely appealed.
At the hearing on McClain's motion in limine, defendant/appellee introduced the deposition of a chemist in the Broward County Medical Examiner's office, Dr. Gene Detashkin. The substance of the deposition was that the amount of cocaine was below a recordable level. It was not possible to tell within a tolerance of 24 hours when the cocaine was ingested, or whether its presence affected the person's manner of driving. The gas chromatograph mass spectrometer test did not reflect the presence of the cocaine. The court, in discussing its grant of the motion, indicated that the only function such information would serve when the amount of cocaine was a trace, when the effect of such an amount could not be stated and when there was no drug charge, was that of showing bad character. This is not permitted. The court found the prejudicial impact of such information was not outweighed by its relevance.
The issue here is whether the trial court abused its discretion in granting appellee's motion in limine to exclude all evidence of the presence of cocaine in appellee's blood when tested shortly after the vehicular accident that gave rise to these criminal proceedings. We conclude it did not.
It is clear that admissibility of evidence is in the discretion of the trial judge, and rulings thereon will not be disturbed absent abuse of that discretion. E.g., Blanco v. State, 452 So.2d 520, 523 (Fla. 1984); Booker v. State, 397 So.2d 910 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981).
The state analogizes to Delap v. State, 440 So.2d 1242 (Fla. 1983), to show that because the presence of the cocaine in McClain's bloodstream could be described by the expert witness as having an effect, albeit an indeterminate one, on the manner of driving, the evidence should have been put before the jury, and they would decide whether the cocaine affected the defendant/appellant's conduct. In Delap it was held that an expert witness giving testimony on the cause of death is not required to express opinions to a reasonable degree of scientific certainty in order for his opinion testimony to be admissible. "Such testimony is competent if the expert can show that, in his opinion, the occurrence could cause death or that the occurrence might have or probably did cause death." Id. at 1253; and see authorities cited therein. Such testimony is admissible, but the jury is to determine the weight to be given it. Id.
Assuming the analogy to Delap is a fair one  and that is problematic  we must note that the issue we are dealing with in the present case is not whether the particular evidence the state wishes admitted is admissible, but whether excluding it is an abuse of discretion. In Delap, the trial court's admission of expert opinion not expressed in terms of reasonable medical certainty was affirmed. That sets up quite a different appellate issue from exclusion of certain evidence.
The state thinks the fact Dr. Detushkin could testify that the cocaine may or may not have had an effect on appellee's driving the night of the accident is apposite to the assertion made in the Delap holding quoted above. The Delap statement, if applicable, surely requires that the witness be in a *1261 position to state there was a probability the substance affected McClain's driving. If his testimony was to be that the substance did not affect McClain's driving, the testimony would be wholly irrelevant.
We think from what we have seen of the chemist's deposition it was not possible for him to state any likelihood the trace amount of cocaine found in McClain's blood affected the manner of his driving. Dr. Detushkin was not merely uncertain about the effect; he did not have any idea of whether there could have been one. The amount of cocaine was merely a trace, so little that the mass spectrometer  a scientific instrument used for qualitative analysis of chemicals  did not pick it up at all.
In such circumstances, the prejudicial effect of exposing the jury to the information is bound to outweigh its probative value, as the principal effect was to show defendant's bad character, as the court said. The trial court did not abuse its discretion by suppressing all information about a trace of cocaine in McClain's blood. Appellee appropriately cites this court's pronouncement in Trees v. K-Mart Corporation, 467 So.2d 401, 403 (Fla.4th DCA 1985), to the effect that, absent an abuse of discretion, an appellate court will not overturn a trial court's decision on the admission of evidence when the trial court has weighed the probative value of the evidence against its prejudicial effect. That is exactly what the trial court did in the instant case.
It is hard to say how closely parallel to this case is State v. Weitz, 500 So.2d 657 (Fla.1st DCA 1986), which overruled a similar suppression. Weitz is a DUI case, not manslaughter by intoxicated driver; and the Weitz court speaks of "an unquantified amount of methaqualone, cocaine and phenobarbital" (emphasis added), whereas here we have a test showing a trace amount of cocaine only, which is not merely unquantified but unquantifiable, and for which no meaningful time of ingestion can be determined.
According to Weitz, the only qualifications intended by section 316.1934, Florida Statutes (1985), to admissibility of drug test results are those of competency, relevance and weight. Competency of the evidence has not been questioned in either case. Competent evidence is admissible if relevant and if its probative value is not substantially outweighed by the danger of unfair prejudice.
We think in the present case there is a huge danger of unfair prejudice. In Weitz the court parried the danger of unfair prejudice, by referring to constitutional protections, and by the fact the defendant can significantly affect the composition of the jury. It seems exceedingly difficult so to use the jury selection process, including challenges, as to assure that the jury will not react emotionally against someone who has used cocaine, when the charge is manslaughter.
The Weitz court held that the evidence of drugs in the defendant's system was relevant to the element of a DUI charge of being affected to the extent of impairment of one's normal faculties. The court said the drug evidence tended to prove the defendant was under the influence; as to the extent of the influence, the state would need to present additional evidence. The distinction thus drawn may compare with Judge Anstead's distinction, in his dissent, between relevance and weight.
We fear to a jury such distinctions mean little. Perhaps Weitz is significantly different from the instant case in that there the drugs were unquantified, not merely an unquantifiable trace. We would expect the latter characterization would have been used if it applied. To our mind, palpably present drugs do go to the element of being under the influence. Here there appears to be no chance McClain's faculties could have been affected by the amount of cocaine detected. If that is correct, the evidence arguably is not even relevant.
LETTS, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I would reverse the trial court's order preventing the state from offering as evidence against the defendant the results of a post-arrest blood test showing the presence *1262 of a small quantity of cocaine. See State v. Weitz, 500 So.2d 657 (Fla.1st DCA 1986). This evidence is obviously relevant to the charge of manslaughter by intoxication pending against the appellant. The fact that the experts cannot quantify the amount of cocaine may affect the weight to be given such evidence, but that should not preclude the finder of fact from considering such evidence. Furthermore, considering the fact that the presence of cocaine, even in an indeterminate amount, is direct evidence that the defendant had ingested an intoxicating substance, its admissibility should not be barred by the fact that its admission may have a prejudicial impact.