# STATE OF FLORIDA v JAVORSKY

## Case Nos. 87-19638 TT A08 and 87-19634 TT A08

County Court, Palm Beach County

September 29, 1987

### APPEARANCES OF COUNSEL

**George Thomas,** Certified Legal Intern, for plaintiff.
**Pamela Giltman** for defendant.

### OPINION OF THE COURT

HOWARD C. BERMAN, County Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Exclude Irrelevant Breath Test Results based upon the defendant's

arrest for driving under the influence of alcohol. The State of Florida was represented by Certified Legal Intern, George Thomas and the defendant was represented by Pamela Giltman, Esquire. The Court having taken testimony, heard argument of counsel and being otherwise fully advised in the premises, the Court finds as follows:

## FACTS

On January 24, 1987 at approximately 11:50 p.m., the defendant was arrested and charged with driving under the influence of an alcoholic beverage to the extent that his normal faculties were impaired. At approximately 1:30 a.m. on January 25, 1987, Officer Paul Leffler of the Palm Beach Gardens Police Department took two breath samples from the defendant, with both results being a 0.10% blood alcohol concentration. Officer Leffler testified that based on the defendant's body weight he calculated the defendant absorbed alcohol to be a 0.999999% at the same time the breathalyzer test resulted in a 0.10%. Officer Leffler also testified and the State and the defendant both stipulated that Officer Leffler could not give an exact reading of the defendant's breath at the time of the stop. However, Officer Leffler testified that he could give a range based on his calculations in the formulas that he learned in school that the defendant's range of blood alcohol reading was .06% to a .12%.

## FINDINGS

The defendant argues that the State is unable to establish the defendant's blood alcohol concentration at the time that he was allegedly driving. The defendant also argues that the evidence demonstrating the alcoholic content of the defendant's blood one hour and forty minutes after the defendant allegedly operated a motor vehicle is not probative of the defendant's blood alcohol concentration at the time of the alleged offense and should be excluded. He also argues that the admission of the breathalyzer reading showing the defendant's blood alcohol level at a time substantially after the time of the alleged offense would be unfairly prejudicial to the defendant and would grossly confuse and mislead the jury in consideration of the case. The defendant relies on several cases which are from other jurisdictions. See *State v. Dacey,* 419 A.2d 856 (VT. 1980); *State v. Dumont,* 499 A.2d 787 (VT. 1985); *Commonwealth v. Hartman,* 119 A.2d 211 (PA. 1956); *People v. LaPlante,* 365 N.Y.S.2d 392 (N.Y. 1975). These cases all stand for the proposition basically that testimony relating the blood alcohol test result back to the time of operation is an essential predicate for the instruction on statutory presumption of impairment.

The defendant also strongly argues that because the defendant's

blood alcohol concentration may have been a .06% at the time of driving, and that under Florida Statute 316.1934(2)(b) 1985, a 0.06% breath test result does not rise to the statutory presumption that the defendant was under the influence of alcohol to the extent that his normal faculties were impaired, then such evidence would only serve to show the defendant's bad character. See *State v. McClain,* 508 So.2d 1259 (Fla. 4th DCA 1987).

The State distinguishes *McClain* because the trace amount of cocaine found in the blood during the postarrest blood test has to do with an illegal drug, whereas alcohol is not an illegal drug. The State argues that assuming that all of the rules and regulations were followed properly in the administering of the breathalyzer test, the results should be admissible as the reading goes to the weight and credibility of the evidence and not to its admissibility. The State further argues that the reading of the breath test results shows that there was alcohol in the defendant's system which is relevant to the charge of DUI. The State agrees that if they are unable to show that the reading was over a .10 at the time of driving, then they will going under the theory of driving under the influence and not involving the presumptions of intoxication.

There appears to be no Florida appellate decision addressing the issue of a breath reading at the time of driving. In a similar case before this Court earlier this year, involving the same issue as to the admissibility of a high breathalyzer reading taken approximately 4 hours after an accident, this Court has ruled that the breathalyzer reading is admissible as it goes to the weight and credibility of the test and not to the admissibility. See *State of Florida v. Richard Jones,* case numbers 86-95870TTA02 et al. In order for competent evidence to be admissible, it must be relevant, and in addition, its probative value must not be substantially outweighed by the danger of unfair prejudice. *Ehrhardt, Florida Evidence,* sections 402.1, 403.1 (2d ed. 1984).

Relevant evidence is evidence tending to prove or disprove a material fact. In order to determine whether evidence has probative value, the fact which it is offered to prove must be identified. Evidence may be probative of one fact and not another, but evidence tending to prove or disprove one material element is relevant, even if it does not tend to prove or disprove the other element. *Jones.*

There are three material elements of a DUI charge: 1) that the defendant was driving or in actual physical control of the vehicle, 2) that he was under the influence of an alcoholic beverage or controlled substance, and 3) that he was affected to the extent that his normal

**93**

faculties were impaired. The blood alcohol reading of the defendant speaks directly to the second element of the DUI charge as it shows that there was alcohol in the defendant's system and such evidence logically tends to prove that the defendant was "under the influence" of alcohol.

In *State v. Weitz*, 500 So.2d 657 (Fla. 1st DCA 1986), the Court held that the evidence of drugs in the defendant's system was relevant to the element of a DUI charge of being effected to the extent of impairment of one's normal faculties. The Court further stated that the drug evidence tended to prove that the defendant was under the influence; as to the extent of the influence, the State would need to present additional evidence. While it is true that knowledge that a defendant had ingested alcohol may prejudice some prospective jurors, unlike *McClain,* it is quite another matter to say that because of such possible bias, no juror in a trial for driving under the influence of alcohol may hear that the defendant had ingested alcohol prior to the incident. The jury is entitled to consider evidence tending to prove any of the necessary material elements of an offense. See, *Weitz.*

Therefore, this Court finds that the relevance of a blood alcohol content reading outweighs the slight prejudicial effect and would not grossly confuse nor mislead the jury in consideration of the case. It is therefore

ORDERED AND ADJUDGED that the Defendant's Motion to Exclude Irrelevant Breath Test Results is denied.

DONE AND ORDERED in chambers in West Palm Beach, Palm Beach County, Florida this 29th day of September, 1987.