525 So.2d 420 (1988)
STATE of Florida, Petitioner,
v.
John McCLAIN, Respondent.
No. 70994.
Supreme Court of Florida.
May 19, 1988.
*421 Robert A. Butterworth, Atty. Gen., and Marilyn Eisler and Mardi Levey Cohen, Asst. Attys. Gen., West Palm Beach, for petitioner.
Michael Doddo, Plantation, for respondent.
GRIMES, Justice.
This is a petition for review of the decision in State v. McClain, 508 So.2d 1259 (Fla. 4th DCA 1987), which is in apparent conflict with State v. Weitz, 500 So.2d 657 (Fla. 1st DCA 1986). We have jurisdiction under article V, section 3(b)(3), of the Florida Constitution.
John McClain was charged with vehicular manslaughter while intoxicated, contrary to section 316.1931(2), Florida Statutes (1983). An analysis of McClain's blood taken after the accident demonstrated a blood alcohol level of .14 and a trace of cocaine. At the hearing on McClain's motion to exclude all reference to the presence of the cocaine, he introduced the deposition of a chemist from the county medical examiner's office. According to the chemist, the amount of cocaine was so small that the mass spectrometer  a scientific instrument used for qualitative analysis of chemicals  did not record its presence. The chemist was unable to state whether or not the presence of the cocaine could have affected the manner of McClain's driving. The trial court granted the motion on the premise that the prejudicial impact of such information substantially outweighed its relevance. The district court of appeal affirmed, holding that the trial court did not abuse its discretion by suppressing all evidence concerning the cocaine in McClain's blood.
We begin our analysis with the general proposition that all relevant evidence is admissible unless the law otherwise provides. § 90.402, Fla. Stat. (1985). Relevant evidence is defined as any evidence which tends to prove or disprove a material fact. § 90.401. The statute under which McClain was charged contemplates the possibility of a driver being under the influence of a drug such as cocaine. Therefore, it would appear that evidence that McClain had even a trace of cocaine in his blood would have some relevance. However, the question here is whether the evidence was properly excluded under section 90.403, Florida Statutes, which states:
Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. This section shall not be *422 construed to mean that evidence of the existence of available third-party benefits is inadmissible.
This statute compels the trial court to weigh the danger of unfair prejudice against the probative value. In applying the balancing test, the trial court necessarily exercises its discretion. Indeed, the same item of evidence may be admissible in one case and not in another, depending upon the relation of that item to the other evidence. E. Cleary, McCormick on Evidence, § 185 (3d ed. 1984).
Professor Ehrhardt explains the application of the statute as follows:
Although Section 90.403 is mandatory in its exclusion of this evidence, a large measure of discretion rests in the trial judge to determine whether the probative value of the evidence is substantially outweighed by any of the enumerated reasons. The court must weigh the proffered evidence against the other facts in the record and balance it against the strength of the reason for exclusion.
In excluding certain relevant evidence, Section 90.403 recognizes Florida law. Certainly, most evidence that is admitted will be prejudicial to the party against whom it is offered. Section 90.403 does not bar this evidence; it is directed at evidence which inflames the jury or appeals improperly to the jury's emotions. Only when that unfair prejudice substantially outweighs the probative value of the evidence is the evidence excluded.
... .
... In weighing the probative value against the unfair prejudice, it is proper for the court to consider the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis; the chain of inference necessary to establish the material fact; and the effectiveness of a limiting instruction.
1 C. Ehrhardt, Florida Evidence § 403.1 at 100-03 (2d ed. 1984) (footnotes omitted).
Applying these principles to the instant case, it is clear that the probative value of the evidence of cocaine in McClain's blood was minimal. The amount of cocaine was so small that the chemist could express no opinion with respect to whether it would have had any effect at all upon McClain's driving. On the other side of the scales, McClain could have been seriously prejudiced in the eyes of the jury if it became known that he had ingested even a trace amount of cocaine. Therefore, we cannot say that the trial court abused its discretion in refusing to admit the evidence of the cocaine in McClain's blood.
The question remains as to whether this decision is in conflict with State v. Weitz. In Weitz the driver was charged with DUI in violation of section 316.193, Florida Statutes (1985). The investigating officer arrested the driver after he failed a series of field sobriety tests, because he smelled of an alcoholic beverage and admitted to having had three beers. However, two chemical breath tests revealed a .017 blood alcohol level. Because the low reading was inconsistent with the driver's apparent state of intoxication, a urine sample was taken. Analysis of the sample disclosed the presence of an unquantified amount of methaqualone, cocaine and phenobarbitol. The county judge granted the driver's motion to suppress the urinalysis report on the following basis:
1) [N]o evidence was presented that proved what effect the presence of these drugs in appellee's urine might have on his normal faculties; 2) the toxicologist's testimony revealed that it is impossible to determine within a reasonable degree of scientific probability the degree of impairment at the time of the offense based on the mere presence of drugs in appellee's urine; 3) the urinalysis results have insufficient probative value to be legally relevant; and 4) the prejudicial effect of the urinalysis results outweigh any probative value.
500 So.2d at 658.
Upon certification to the district court of appeal, the order of suppression was reversed. On the subjects of relevance and prejudice, the court said:
While it is true that knowledge that a defendant had ingested illegal drugs may prejudice some prospective jurors, it is *423 quite another matter to say that because of such possible bias no juror in a trial for driving under the influence of alcohol or drugs may hear that the defendant had ingested drugs prior to the incident.
500 So.2d at 659. The court went on to point out in a footnote:
This trial judge's beliefs about the relevancy of drugs in the body and the prejudicial effect of that fact on the jury appear to virtually eliminate the possibility of a conviction for DUI/controlled substances in his court.
Id. at 659 n. 9.
Weitz can be distinguished if the unquantified amount of drugs in that case differed from the unquantifiable trace of cocaine in the instant case. Moreover, the district court of appeal in Weitz was correct when it rejected the trial court's conclusion that it was necessary for the toxicologist to estimate the degree of impairment caused by the existence of the drugs. On the other hand, it would appear that the appellate court may not have given sufficient deference to the trial court's exercise of discretion. In any event, we cannot subscribe to that court's suggestion that even if the defendant was unfairly prejudiced by the evidence, he could have protected himself by exercising more jury challenges.
It may be that McClain and Weitz can be reconciled when the challenged evidence is viewed in light of its relationship to the other evidence. In both cases, it could be said that the prejudicial impact of permitting the jury to hear that the defendant had taken illegal drugs was equal but that it was the difference in probative value which tipped the scales. In Weitz, the defendant's low blood alcohol test belied the other evidence of his intoxication. Thus, the presence of even a small amount of drugs in the defendant's urine was significant because it provided an explanation for his impaired conduct. In the instant case, McClain's blood alcohol level substantially exceeded the figure necessary to raise a presumption of impairment. Therefore, evidence of a trace amount of cocaine in McClain's blood added little to the state's proof of intoxication.
Thus, we cannot say that the decision in Weitz was incorrect. However, we disapprove of the opinion in that case to the extent indicated above. We approve the Fourth District Court of Appeal's decision in the instant case.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.