## STATE OF FLORIDA v O'CONNOR
Case No. 88-006347 TC AO4

County Court, Palm Beach County

October 27, 1988

### APPEARANCES OF COUNSEL

**Robert Gentile,** Assistant State Attorney, for plaintiff.

**Karen Ehrlich,** Assistant Public Defender, for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress, and the Court having heard testimony of witnesses, and argument of counsel, rules as hereinafter stated.

The facts of the case are that the Defendant was stopped for speeding and manifested various symptoms of impairment to the police officer. The Defendant was asked to perform certain roadside sobriety

tests, on which he performed poorly, was arrested and subsequently given a breath test. The results of the breath test showed a blood alcohol level of around .10; right at the minimum level for the presumtion of impairment to apply. The police officer suspected that some other substance was responsible for the relatively high degree of impairment manifested and therefore requested that the Defendant submit to a urine test. The urine test confirmed the results of the breath test and further showed the presence of unquantified amounts of cocaine and its metabolites plus marijuana and its metabolites. Tom Carrol, the State's expert witness, could not specify the level of impairment that should correspond to the test results. He did testify that the Defendant would have had to have been still under the influence of cocaine when he was driving, but could only say that the Defendant might possibly have been under the influence of marijuana at that time. However, Mr. Carrol testified that the effects of marijuana are of short duration, about one hour, and he could not say, from the test results, when, within a forty-eight period, the marijuana had to have been ingested.

The Defendant moved this Court to suppress the results of the urine test because the officer had no reasonable basis for his belief that the Defendant was impaired by controlled substances. Further, he asserts that urine tests for alcohol are not scientifically reliable, and the results showing the presence of cocaine and marijuana is more prejudicial than probative and must therefore be suppressed pursuant to *State v McClain,* 525 So.2d 420 (Fla. 1988).

At the time of the suppression hearing, the Court declined to suppress the results of the urine test, as it relates to an alcohol level and the presence of cocaine, but reserved ruling on whether the results regarding the presence of marijuana should be suppressed. The Court will not, in this order, reiterate those rulings and the rationale therefore.

After carefully reviewing the cases of *State v McClain,* supra, and *State v Weitz,* 500 So.2d 657 (1st DCA 1986), this Court is of the opinion that the results of the urine test showing the presence of marijuana should not be suppressed.

The Supreme Court, in affirming the trial Court's decision in *McClain,* does not hold that the evidence of trace amounts of drugs must be suppressed if there is no corresponding testimony regarding their impairing effect. The Court merely decided that the trial court did not abuse its discretion in suppressing the evidence. In the *McClain* decision, the Court was called upon to reconcile the apparently

51

conflicting decisions in the DCA cases of *State v McClain,* 508 So.2d 1259 (4th DCA 1987) [evidence of trace amounts of cocaine suppressed] and *State v Weitz,* supra [evidence of unquantified amounts of various drugs not suppressed]. In so doing, the Supreme Court stated:

". . . the district court of appeal in Weitz was correct when [it decided that it was unnecessary] for the toxicologist to estimate the degree of impairment caused by the existence of the drugs. . . . In both cases it could be said that the prejudicial impact of permitting the jury to hear that the defendant had taken illegal drugs was equal but that it was the difference in probative value which tipped the scales. In Weitz, the defendant's low blood alcohol test belied the other evidence of his intoxication. Thus the presence of even a small amount of drugs was significant because it provided an explanation for his impaired conduct."

In the present case, the Defendant's blood alcohol level was relatively small in relationship to his degree of impairment. In fact it is about a third less than that in McClain, and .7 less than in Weitz. The presence of marijuana and cocaine, together with alcohol would tend to provide an explanation for this discrepancy. Therefore it cannot be said that the probative value of this evidence is outweighted by its prejudicial effect. All evidence tending to inculpate a Defendant is, by definition, prejudicial. The question that must be answered under FS § 90.403, is whether the evidence is unfairly prejudicial; that is, whether its tendency to establish the existence of a fact in issue is rather tenuous when compared to the negative impact it is likely to have on the minds of the trier of fact. This Court is just not convinced that the evidence, sought to be suppressed, is unfairly prejudicial.

DONE AND ORDERED in West Palm Beach, Florida, this 27th day of October, 1988.