544 So.2d 1144 (1989)
Michael J. WILHELM, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1493.
District Court of Appeal of Florida, Second District.
June 14, 1989.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
*1145 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Michael Wilhelm appeals his conviction for DWI-Manslaughter following a jury trial. He contends that the trial court violated his right to due process by instructing the jury to apply a mandatory rebuttable presumption on the issue of his intoxication. We agree, but find that the error was harmless in light of the overwhelming evidence of the appellant's intoxication.
The charges against the appellant stem from an accident near Fort Myers Beach that occurred about 6:00 in the evening on June 8, 1986. The evidence at trial established that a semi-tractor driven by the appellant skidded across the center line of San Carlos Boulevard, "bounced off" a station wagon driven by Donald Lawson and then crashed into a taxicab. Donald Lawson's seven-year-old son, a passenger in the station wagon, suffered severe head injuries and later died.
The driver of the taxicab, Joseph Venuto, testified at trial that just before the collision, he saw the semi-tractor pull out "hard" or "quick" onto the boulevard from Home Avenue, "swerve for a second" and then completely swerve out of control. Venuto also testified that immediately after the accident the appellant, dressed only in shorts, appeared to be "incapacitated" which according to Venuto meant that he reeked of alcohol.
The jury also heard testimony from Florida Highway Patrol Trooper Howard Cole that the appellant was unsteady on his feet, seemed very "skittish", and walked around in circles. Trooper Cole stated that the appellant could not concentrate and appeared generally confused, that his speech was slurred, that he mumbled, and that there was a strong odor of alcohol coming from him. The appellant failed the standard field sobriety tests given by Cole to determine coordination and balance. When asked to recite the alphabet, the appellant sang the alphabet song, finishing with, "Now I know my ABC's, tell me what you think of me." Cole testified that based on his observations and experience, he concluded that the appellant was intoxicated.
The appellant denied that he was intoxicated. He testified he had had one beer about three hours before the accident and had also taken Nyquil for his cold. The appellant contended that the collision occurred when he braked to avoid hitting cars that were slowing in front of him.
The jury also heard evidence from a Florida Department of Law Enforcement chemist who testified that he had tested a sample of the appellant's blood and that it had a .20 percent alcohol content. The chemist told the jury that the appellant would have had to have ingested sixteen ounces of Nyquil to produce that test result.
At the conclusion of evidence the trial court gave the jury, over objection, certain instructions concerning the effect to be given the chemical test, including an instruction that if the jury found from the evidence
that the defendant had point one zero percent or more by weight of alcohol in his blood, it is a prima facie case that the defendant was under the influence of alcoholic beverages to the extent his normal faculties were impaired.
This language tracks that of section 316.1934(2)(c), Florida Statutes (1986).
The appellant argues that the court erred in giving the above instruction, as the only substantial issue in the case was whether he was intoxicated and the instruction thus shifted the burden to him to prove his innocence. We agree with the appellant that, as given, the instruction creates a mandatory rebuttable presumption of impairment and thus violates the due process clause of both the United States and Florida constitutions. Miller v. Norvell, 775 F.2d 1572 (11th Cir.1985), cert. denied, 476 U.S. 1126, 106 S.Ct. 1995, 90 L.Ed.2d 675 (1986); Yost v. State, 542 So.2d 419 (Fla. 4th DCA 1989); Frazier v. State, 530 So.2d 986 (Fla. 1st DCA 1988); Rolle v. State, 528 So.2d 1208 (Fla. 4th DCA 1988).
Constitutional error does not in every circumstance mandate reversal of a *1146 conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). See also State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). An error in a jury instruction that creates a mandatory rebuttable presumption may be harmless where the evidence of the presumed element is overwhelming. Davis v. Kemp, 752 F.2d 1515, 1517 n. 7 (11th Cir.1985); Miller v. Norvell, 775 F.2d 1572 (1985). We find beyond a reasonable doubt that there was overwhelming evidence before the jury that at the time of the accident, the appellant was under the influence of alcohol to the extent that his normal faculties were impaired. Because we conclude that the jury would have found the appellant guilty even without the defective jury instruction, we find the error harmless, and affirm the conviction and sentence of the appellant.
We believe that the disputed instruction would survive constitutional scrutiny had the court emphasized that the jury was free to accept or reject the inference based on all the evidence, rather than leaving the impression that the presumption of impairment was mandatory upon a finding of the specified blood alcohol content. See Norvell v. Miller, 476 U.S. 1126, 106 S.Ct. 1995, 90 L.Ed.2d 675 (1986) (Burger, C.J., with whom Rehnquist, J., and O'Connor, J., join, dissenting); Ulster County Court v. Allen, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). As did the First District Court of Appeal in Frazier, 530 So.2d 986, we find the issue on appeal to be of great public importance and certify the following question to the supreme court:
DOES THE JURY INSTRUCTION BASED ON THE STATUTORY PRESUMPTION CONTAINED IN SECTION 316.1934(2)(c), FLORIDA STATUTES (1986), CREATE AN UNCONSTITUTIONAL MANDATORY REBUTTABLE PRESUMPTION?
Affirmed.
CAMPBELL, C.J., and SCHEB, J., concur.