## ALLASTER v STATE OF FLORIDA

### Case No. 89-8131 (County Court Case Nos. 96-932QN and 96-933QN)

Thirteenth Judicial Circuit, Hillsborough County

February 15, 1990

**APPEARANCES OF COUNSEL**

**Britt Whitaker, Esquire,** for appellant.

**James M. Barton II, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

The Appellant has raised several issues in support of his position that he should be awarded a new trial. Only one merits discussion.[1]

The Appellant complains that he was unduly prejudiced by the Trial Court allowing the prosecutor to question the arresting officer on redirect examination about the possible impairment of the Appellant by the use of drugs. The Appellee counters with the frequently used phrase that the Appellant "opened the door" to this line of inquiry.

While it is true that it was the cross examination by Appellant's counsel that led to the interjection of this fact issue, the Trial Court was still obligated to determine if the probative value of this arguably relevant testimony[2]

substantially outweighed the danger of unfair prejudice to the Appellant. Florida Statute 90.403 and *State v McClain,* 525 So.2d 420 (Fla. 1988). In the context of this case,[3]

the Court concludes that it was error for the Trial Court, over objection of Appellant's counsel based on relevancy grounds, to allow further questioning of the officer on redirect examination about the Appellant's possible impairment by use of drugs.

However, given the totality of the evidence presented by the State in this case, including the fact that the officer eventually testified that he did not specifically observe any signs that would indicate that the Appellant was under the influence of drugs,[4]

the Court concludes that this error was harmless beyond a reasonable doubt. *State v DiGuilio,* 491 So.2d 1129 (Fla. 1980) and *Wilhelm v State,* 544 So.2d 1144 (Fla. 2d DCA 1989). Therefore, the Court affirms the conviction and sentence of the Appellant.

---

[1] Although the Appellant requested oral argument, the Court does not believe the consideration of the issues raised will be enhanced by oral argument. Therefore, the Court dispenses with oral argument.

[2] *State v Weitz,* 500 So.2d 657 (Fla. 1st DCA 1986).

[3] The State's theory of prosecution during opening argument (R. 70-71) and during its examination of the arresting officer (R.105-106) was that the Defendant was impaired by alcohol.

[4] Although the prosecutor made reference in his final argument to impairment by drugs, (R.204-205), the primary focus of his argument was directed to impairment by alcohol (R. 194-95, 197 and 199).