## SMITH v STATE OF FLORIDA
## Case No. 88-15048 (County Court Case No. 1554QW)
### Thirteenth Judicial Circuit, Hillsborough County
### February 15, 1990

### APPEARANCES OF COUNSEL

**Daniel Kirkwood, Esquire,** Assistant Public Defender, for appellant.
**James M. Barton, II, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

Did the Trial Court's instruction to the jury based on Section 316.1934(2)(c), Florida Statutes, create an unconstitutional mandatory rebuttable presumption on the issue of impairment?[1] It did. *Wilhelm v State,* 544 So.2d 1144 (Fla. 2d DCA 1989).

---

[1] The Court previously denied the Public Defender's Motion to Withdraw predicated on *Anders v California,* 87 S.Ct. 1396 (1967) and directed the parties to brief the issues of whether this instruction was error and, if error, whether the error was harmless or reversible.

Was the error in giving this instruction harmless or reversible within the meaning of *State of DiGuilio,* 491 So.2d 1129 (Fla. 1988)? It was harmless error.

The Court finds beyond a reasonable doubt that there was overwhelming evidence before the jury that the Appellant was driving a motor vehicle while under the influence of alcoholic beverages to the extent his normal faculties were impaired. The State proved by uncontroverted evidence from an experienced police officer who had made 100 DUI arrests over a ten year period of time that (1) the Appellant ran completely through a stop sign at night without stopping in the presence of the officer; (2) the Appellant smelled of a heavy odor of alcoholic beverages about his person; (3) the Appellant failed four road side sobriety tests designed to test a person's balance, coordination and ability to follow instructions; and (4) in the opinion of the officer the Appellant was intoxicated and unfit to drive. The State also proved that within a reasonable period of time after being stopped, the Appellant was administered a proper breathalyzer test which revealed by the Appellant had .13% (first test) and .12% (second test) by weight of alcohol in his blood.[2]

Accordingly, the Court concludes in the face of this overwhelming evidence that the jury would have found the Appellant guilty even without the defective jury instruction. *Wilhelm,* Page 1146. Therefore, the Court finds the error to be harmless beyond a reasonable doubt and affirms the conviction and sentence of the Appellant.

---

[2] The timing of such a test in relationship to the stopping of the Appellant goes to the weight of the evidence and not its admissibility. *State v Miller,* 14 FLW 2653 (3d DCA Fla. November 14, 1989).