KLEIN, J.
Appellant was found to have violated his community control because he was DUI and appeals, arguing that the finding was an abuse of discretion. He argues that there was no willful violation in this case, where there was no evidence of alcohol in his system, and only evidence of an unknown amount of three prescription medicines he was taking. We affirm.
The charge arose as a result of appellant running into a truck which was parked on the outside lane of a road with its flashers on. The officer who investigated testified that appellant had “bloodshot, glassy eyes. The pupils of his eyes were very constricted. Did have slurred speech and he was very shaky.” The officer administered a roadside sobriety test which he videotaped, and based on the facts of the accident, the officer’s observation, and appellant’s poor performance on the sobriety test, the officer arrested appellant for DUI. A breathalyser test indicated no alcohol; however, a urine test reflected three prescription medications, Prozac, Soma and Xanax. Hoffman had prescriptions for those medications and was aware of the warning not to operate a motor vehicle while using them. The toxicologist was unable to state the amount of these drugs in appellant’s system or when he had taken them. He testified that, taken in proper amounts, there might be no ill effects, but if used in excess there could be impairment consistent with the observations of the officer who arrested appellant.
The three elements of DUI are driving, being under the influence, and being impaired. State v. Weitz, 500 So.2d 657 (Fla. 1st DCA 1986), disapproved of on other grounds, State v. McClain, 525 So.2d 420 (Fla.1988). Impairment may be established by describing a person’s demeanor and conduct. Id. In State v. McClain, 525 So.2d 420 (Fla.1988), an appeal from a conviction for DUI, our supreme court held that it is unnecessary for the toxicologist to be able to estimate the degree of impairment caused by the existence of drugs. McClain, 525 So.2d at 423. Nor does the toxicologist have to testify as to the amount of drugs in the person’s system. State v. Tagner, 673 So.2d 57 (Fla. 4th DCA 1996).
Whether a probationer’s violation is willful and substantial is a question of fact *132 which may not be overturned on appeal unless the record shows that there is no evidence to support the determination. Anderson v. State, 711 So.2d 106 (Fla. 4th DCA 1998). Based on McClain, we conclude that there was sufficient evidence to support revocation and affirm.
TAYLOR and HAZOURI, JJ., concur.