KLEIN, J.
A jury found appellant defendant guilty of medical malpractice in this wrongful death action and awarded damages in the amount of $7,772,583. Decedent’s widow was awarded $2 million, and each of decedent’s four children were awarded $1 million in non-economic damages. The estate recovered $1,772,583 in economic damages. We affirm on all issues, addressing one, which was whether the trial court erred in allowing evidence of Mrs. Brown’s traumatic childhood.
Mr. and Mrs. Brown were married for thirty years and, in order to prove the severe impact this loss had on Mrs. Brown, evidence was presented showing that: (1) after Mrs. Brown’s father had abandoned the family her mother brought many men home; (2) Mrs. Brown lost a sibling; and (3) her stepfather made sexual advances to her. Mrs. Brown was seventeen years old when she met the decedent, and according to a psychologist, the decedent rescued her from her traumatic childhood. Mrs. Brown told the psychologist that, were it not for the children, she now would have no reason for living. Appellant argues that the probative value of this evidence, *777 which he recognizes was relevant, was substantially outweighed by its prejudicial effect, and should not have been admitted. § 90.403, Fla. Stat. (1999).
When a trial court considers the danger of unfair prejudice against the probative value of evidence, proper considerations include “the need for the evidence; the tendency of the evidence to suggest an improper basis to the jury for resolving the matter, e.g., an emotional basis; the chain of inference necessary to establish the material fact; and the effectiveness of a limiting instruction.” State v. McClain, 525 So.2d 420, 422 (Fla.1988)(quoting Charles W. Ehrhardt, Florida Evidence, § 403.1 at 100-03 (3d ed.1984)). A trial court’s ruling, when an objection under section 90.403 is advanced, is reviewed for abuse of discretion. Id.
Under our wrongful death statute, section 768.21, Florida Statutes (1999), the surviving spouse, in addition to being able to recover the “value of lost support and services,” is entitled to recover “loss of the decedent’s companionship and protection and for mental pain and suffering.” The damages sought for Mrs. Brown in this case were to compensate her for “past and future loss of such intangibles as love, sex, companionship, society, comfort and solace, and help in performing one’s tasks about the household.” Orlando Reg’l Med. Ctr., Inc. v. Chmielewski, 573 So.2d 876, 881 (Fla. 5th DCA 1990). Evidence of an “extraordinarily close, affectionate and dependent” marital relationship is relevant to the jury’s determination of the amount of damages to award to a surviving spouse in a wrongful death action. See Ward v. Orange Mem’l Hosp. Ass’n, 193 So.2d 492 (Fla. 4th DCA 1966).
In the present case, it was necessary for the plaintiff to put on the evidence of Mrs. Brown’s traumatic childhood in order to demonstrate the enormity of the loss she sustained in losing a person on whom she was so dependent for emotional support. The trial court did not abuse its discretion in admitting the evidence, which, we note, was not explored in great detail and did not become a feature of the trial.
We have considered the other issues raised by appellant, including the exces-siveness of the damage awards, and find no error. We therefore affirm.
SHAHOOD and GROSS, JJ„ concur.