# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1233
_____

CHRISTOPHER WADE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Thomas V. Dannheisser, Judge.

February 11, 2019


WINSOR, J.

A jury convicted Christopher Wade of sexual battery with a deadly weapon, and the court sentenced him to life in prison. This is Wade's appeal.

## I.

Wade's twenty-eight-year-old victim was walking on a sidewalk early one morning. Wade approached her on a bicycle, spoke to her briefly, and then put a knife to her neck and raped her. Afterward, Wade rode off, and the victim ran home. The victim immediately woke up her husband and then went to the hospital, where medical professionals examined her and gathered DNA that turned out to match Wade's.

After the victim testified at trial, the State presented testimony from two other women Wade had sexually assaulted. Both testified to similar encounters: They reported that Wade had approached them on a bicycle, threatened them with a knife, and forced them to have sex with him. (DNA recovered from those women also matched Wade.) Wade testified that he never forced anyone to have sex with him. He said that he frequented prostitutes and acknowledged that he may have had sex with all three women, but he insisted that if he did, it was consensual. The jury rejected his defense, returning a guilty verdict.

## II.

Wade first argues that he was denied his Sixth Amendment right to conflict-free counsel. Wade's appointed trial attorney, who was with an Office of Criminal Conflict and Civil Regional Counsel (OCCCRC), discovered during trial that another OCCCRC attorney was representing the victim in an unrelated dependency proceeding. Wade's attorney insisted she was unaware of the other representation, that she knew nothing of the dependency case, and that nothing about that other representation had (or would) affect her representation of Wade.

After learning that the same office represented Wade and his victim, the judge put Wade under oath and asked whether he wished "to waive any possible conflict." Wade said he did. The judge then remarked that "an actual conflict has not really surfaced," but nonetheless found that Wade had "freely, voluntarily, and knowingly waived any theoretical conflict."

Wade now argues that there *was* an actual conflict of interest, that he never knowingly waived it, and that his Sixth Amendment rights were violated as a result. We reject that argument. "Multiple representation alone does not violate the Sixth Amendment, and in the absence of an objection, a court can presume there is no conflict of interest." *State v. Alexis*, 180 So. 3d 929, 936 (Fla. 2015). When there is no objection (and there was none here) courts will not find a Sixth Amendment violation unless the defendant shows an *actual* conflict. *Id.* And an *actual* conflict, for these purposes, means a conflict "that adversely affect[s] counsel's performance." *Id.* at 937; *accord Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (noting that "actual conflict of interest" means

2

"a conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties"); *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.").

Wade has made no showing—indeed no argument—that the OCCCRC's representation of the victim (through a separate attorney) adversely affected his counsel's performance. His attorney indicated she had no knowledge of the victim's dependency case; she had not been aware there even was a dependency case, much less that another attorney in her office was handling it. Wade's attorney vigorously cross-examined the victim in Wade's defense, and she unambiguously told the court that her office's involvement in the dependency case would not affect her representation of Wade. There is nothing in this record to suggest otherwise. *Cf. Cuyler*, 446 U.S. at 348-50 (noting that an actual conflict existed where "record showed that defense counsel failed to cross-examine a prosecution witness whose testimony linked [defendant] with the crime and failed to resist the presentation of arguably inadmissible evidence [because of] counsel's desire to diminish the jury's perception of a codefendant's guilt" (citing *Glasser v. United States*, 315 U.S. 60 (1942)).

As in *State v. Alexis*, "there was no need for an inquiry into the knowing, intelligent, and voluntary nature of the waiver because, since there had been no finding of an actual conflict of interest, there was no need for a waiver." 180 So. 3d at 938. Wade's Sixth Amendment rights were not violated.

## III.

Wade's other argument is that the court abused its discretion by admitting testimony of two other sexual-assault victims. Under Florida's Evidence Code, in prosecutions for certain sex crimes, "evidence of the defendant's commission of other crimes, wrongs, or acts involving a sexual offense is admissible and may be considered for its bearing on any matter to which it is relevant." § 90.404(2)(c)1., Fla. Stat. (2015). Here, it was certainly relevant that Wade had approached other women on a bicycle and forced sex at knifepoint—if for no other reason than to refute Wade's

argument that the events leading to his charges were consensual. *See Williams v. State*, 621 So. 2d 413, 417 (Fla. 1993) (noting that "testimony concerning the other encounters was relevant to rebut [the] defense that the complainant had consensual sex with him" and that "[t]he similar fact evidence tended to rebut the defense by showing a common plan or scheme"). That leaves Wade to argue that the court erred in weighing the probative value against the prejudice. *See McLean v. State*, 934 So. 2d 1248, 1259 (Fla. 2006) (noting that rule 404 similar-fact evidence remains subject to rule 403 balancing). We afford the court's rule 403 balancing substantial deference and review only for an abuse of discretion. *State v. McClain*, 525 So. 2d 420, 423 (Fla. 1988). Under the circumstances presented, and considering the similarity of the collateral crimes and the charged offense, we find no abuse of discretion.

AFFIRMED.

B.L. THOMAS, C.J., and MAKAR, J., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Andy Thomas, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, and Sharon Traxler, Assistant Attorney General, Tallahassee, for Appellee.