GERSTEN, Judge.
Appellant, Lorraine Kutner (Kutner), was injured when her car was struck by a Florida Highway Patrol vehicle driven by Trooper Angel Allen. Kutner brought suit against appellee, Florida Department of Highway Safety and Motor Vehicles (Department), for negligence, and now appeals a final judgment against the Department. We affirm.
Prior to trial, the Department filed a motion in limine to preclude reference to an administrative disciplinary proceeding conducted by the Department against Trooper Allen, as a result of the accident. In this proceeding, the Department determined that Trooper Allen had violated section 316.1925, Florida Statutes, and Florida Highway Patrol Policy Manual Chapter 9.00.00, dealing, respectively, with careless driving and safe and skillful operation of police vehicles. The Department also issued a written reprimand against the trooper and suspended her without pay for eight hours. The trial court granted the Department’s motion to preclude any reference to the administrative disciplinary proceeding against the trooper.
The case proceeded to trial. At trial, Kutner moved to introduce into evidence documents and testimony regarding the administrative disciplinary proceeding brought against the trooper. The trial court again ruled that this evidence was not admissible. During trial, the Department conceded that the trooper was at fault, to some degree, for the accident.
The jury returned a verdict awarding Kutner damages. The verdict determined that Trooper Allen was 25 percent at fault and Kutner was 75 percent at fault. The trial court entered a final judgment in accordance with the jury verdict and this appeal followed.
Kutner contends the trial court erred in refusing to admit into evidence the results and findings of the administrative disciplinary proceeding conducted by the Department against Trooper Allen. Kutner argues that the results and findings of the Department are admissible as admissions against interest made by a party to the litigation. § 90.803(18), Fla.Stat. (1989).
The Department asserts that the trial court correctly ruled that these results and findings were inadmissible. The Department argues that these results and findings are privileged and that the public policy for not admitting the proceedings outweighs their probative value.
In Perper v. Edell, 44 So.2d 78, 80 (Fla.1949), the Florida Supreme Court explained:
We conceive the rule to be that, if the introduction of the evidence tends in actual operation to produce a confusion in the minds of the jurors in excess of the legitimate probative effect of such evidence — if it tends to obscure rather than illuminate the true issues before the jury — then such evidence should be excluded.
Accord City of Miami v. Calandro, 376 So.2d 271 (Fla. 3d DCA 1979).
Without addressing the Department’s privilege and public policy arguments, we conclude, under the facts of this case, that the trial court properly refused to admit into evidence references to the administrative disciplinary proceeding. This is because we find the probative value of such proceedings was substantially outweighed by the danger of unfair prejudice. § 90.403, Fla.Stat. (1989).
In this case, the Department admitted that Trooper Allen shared some of the blame for the accident which injured Kut-ner. The admission into evidence, therefore, of the administrative proceeding against the trooper would have unfairly prejudiced the Department.
Having concluded the other point raised by Kutner to be without merit, the final judgment appealed is affirmed.