ON APPELLANT’S MOTION FOR CERTIFICATION
PER CURIAM.
We deny appellant’s motion for certification, bringing proceedings in this case to a *620 close in this court. In doing so, we note that the three-judge panel to which this case was originally assigned reached a decision which resulted in an opinion circulated on prerelease with a proposed release date of June 22, 2005.
Before the panel decision was released, a vote of the court was taken, and a majority of the judges participating ordered that the case be determined en banc, in keeping with Florida Rule of Appellate Procedure 9.331(a). Judge Barfield is recused. He did not participate on this procedural question, and has not otherwise participated in consideration or decision of this case.
Eventually, “a majority of the active judges actually participating and voting on the case,” Fla. R.App. P. 9.331(a), reached the en banc decision released by the court on February 2, 2006. While the panel had proposed to reverse appellant’s conviction (2-1), the superseding decision of the en banc court was to affirm the conviction (10-4).
A dissenting judge seems to have suggested and the appellant now argues that this course of proceedings is somehow irregular. This is not correct. While en bane consideration is infrequent, when it occurs, it is much more likely to occur before, rather than after, the panel decision it replaces has been published. Compare Pullo v. Pullo, 926 So.2d 448 (Fla. 1st DCA 2006) (en banc decision released without antecedent publication of panel decision); Checkers Rest. v. Wiethoff, 925 So.2d 348 (Fla. 1st DCA 2006) (en banc decision released without antecedent publication of panel decision); Bay Point Club, Inc. v. Bay County, 890 So.2d 256 (Fla. 1st DCA 2004) (en banc decision released without antecedent publication of panel decision); Sanders v. State, 847 So.2d 504 (Fla. 1st DCA 2003) (en banc decision released without antecedent publication of panel decision); Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071 (Fla. 1st DCA 2003) (en banc decision released without antecedent publication of panel decision); Jupiter v. State, 833 So.2d 169 (Fla. 1st DCA 2002) (en banc decision released without antecedent publication of panel decision); Fisher v. Int’l Longshoremen’s Ass’n, 827 So.2d 1096 (Fla. 1st DCA 2002) (en banc decision released without antecedent publication of panel decision); Brooks v. State, 816 So.2d 199 (Fla. 1st DCA 2002) (en banc decision released without antecedent publication of panel decision); Orange County Fire Rescue v. Antonelli, 794 So.2d 758 (Fla. 1st DCA 2001) (en banc decision released without antecedent publication of panel decision); Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001) (en banc decision released without antecedent publication of panel decision); Morris v. State, 789 So.2d 1032 (Fla. 1st DCA 2001) (en banc decision released without antecedent publication of panel decision); Wilcox v. State, 783 So.2d 1150 (Fla. 1st DCA 2001) (en banc decision released without antecedent publication of panel decision); Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000) (en banc decision released without antecedent publication of panel decision); Sailor v. State, 733 So.2d 1057 (Fla. 1st DCA 1999) (en banc decision released without antecedent publication of panel decision); Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (en banc decision released by general division without antecedent publication of panel decision, then withdrawn and replaced by en banc decision of full court), approved by 739 So.2d 77 (Fla.1999); Hadden v. State, 670 So.2d 77 (Fla. 1st DCA 1996) (en banc decision released without antecedent publication of panel decision), approved in part, quashed in part by 690 So.2d 573 (Fla.1997); Champlovier v. City of Miami, 667 So.2d 315 (Fla. 1st DCA 1995) (en banc decision released without antecedent publication of panel decision); E. Airlines *621 v. Griffin, 654 So.2d 1194 (Fla. 1st DCA 1995) (en banc decision released without antecedent publication of panel decision); Publix Supermarkets v. Finocchi, 650 So.2d 1122 (Fla. 1st DCA 1995) (en banc decision released without antecedent publication of panel decision); Publix Super Markets, Inc. v. McGuire, 650 So.2d 151 (Fla. 1st DCA 1995) (en banc decision released without antecedent publication of panel decision on remand from McGuire v. Publix Super Markets, Inc., 640So.2d 1079 (Fla.1994), quashing 629 So.2d 862 (Fla. 1st DCA 1993) (en banc decision released without antecedent publication of panel decision)); Vegas v. Globe Sec., 627 So.2d 76 (Fla. 1st DCA 1993) (en banc decision released without antecedent publication of panel decision); Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868 (Fla. 1st DCA 1993) (en banc decision released without antecedent publication of panel decision); Saffor v. State, 625 So.2d 31 (Fla. 1st DCA 1993) (en banc decision released without antecedent publication of panel decision), quashed by 660 So.2d 668 (Fla.1995); Orange County Sch. Bd. v. Perkins, 619 So.2d 1 (Fla. 1st DCA 1993) (en banc decision released without antecedent publication of panel decision); Zundell v. Dade County Sch. Bd., 609 So.2d 1367 (Fla. 1st DCA 1992) (en banc decision released without antecedent publication of panel decision), quashed by 636 So.2d 8 (Fla.1994); Jones v. State, 606 So.2d 709 (Fla. 1st DCA 1992) (en banc decision released without antecedent publication of panel decision), quashed by 616 So.2d 52 (Fla.1993); Lee v. State, 606 So.2d 1222 (Fla. 1st DCA 1992) (en banc decision released without antecedent publication of panel decision); Terners of Miami Corp. v. Freshwater, 599 So.2d 674 (Fla. 1st DCA 1992) (en banc decision released without antecedent publication of panel decision); Flanagan v. State, 586 So.2d 1085 (Fla. 1st DCA 1991) (en banc decision released without antecedent publication of panel decision), approved in part by 625 So.2d 827 (Fla.1993); Burdick v. State, 584 So.2d 1035 (Fla. 1st DCA 1991) (en banc decision released without antecedent publication of panel decision), approved in part, quashed in part by 594 So.2d 267 (Fla.1992); with Bush v. Holmes, 886 So.2d 340 (Fla. 1st DCA 2004) (en banc decision on rehearing released after publication and withdrawal of panel decision), aff'd in part by 919 So.2d 392 (Fla.2006); Vause v. Bay Med. Ctr., 687 So.2d 258 (Fla. 1st DCA 1996) (en banc decision on rehearing released after publication and withdrawal of panel decision); Slay v. Singletary, 676 So.2d 456 (Fla. 1st DCA 1996) (en banc decision released by general division after publication and withdrawal of panel decision), approved by 688 So.2d 319 (Fla.1997); Jenkins v. State, Dep’t of Health & Rehab. Servs., 618 So.2d 749 (Fla. 1st DCA 1993) (en banc decision on rehearing vacating and superseding published panel decision). See also S. States Utils. v. Fla. Pub. Serv. Comm’n, 714 So.2d 1046 (Fla. 1st DCA 1998) (en banc decision released by administrative division without antecedent publication of panel decision); Scantling v. State, 704 So.2d 565 (Fla. 1st DCA 1997) (en banc decision released by criminal division without antecedent publication of panel decision), approved by 711 So.2d 524 (Fla.1998); Sheley v. Fla. Parole Comm’n, 703 So.2d 1202 (Fla. 1st DCA 1997) (en banc decision released by criminal division without antecedent publication of panel decision), approved by 720 So.2d 216 (Fla.1998); Richardson v. State, 698 So.2d 551 (Fla. 1st DCA 1997) (en banc decision released by criminal division without antecedent publication of panel decision); J.B. v. State, 689 So.2d 360 (Fla. 1st DCA 1997) (en banc decision released by criminal division without antecedent publication of panel decision), approved by 705 So.2d 1376 (Fla.1998); Ganyard v. State, 686 So.2d *622 1361 (Fla. 1st DCA 1996) (en banc decision released by criminal division without antecedent publication of panel decision), approved by 705 So.2d 567 (Fla.1998); N. River Ins. Co. v. Wuelling, 683 So.2d 1090 (Fla. 1st DCA 1996) (en banc decision released by workers’ compensation division without antecedent publication of panel decision); Singletary v. Jones, 681 So.2d 836 (Fla. 1st DCA 1996) (en banc decision released by criminal division without antecedent publication of panel decision).
The constitutional propriety and practical necessity of an en banc procedure in the district courts of appeal, conducted in conformity with rules promulgated by the Supreme Court of Florida, do not present substantial questions. See Chase Fed. Sav. & Loan Ass’n v. Schreiber, 479 So.2d 90, 93-94 (Fla.1985). These questions were not, indeed, originally raised by the parties in this case, but were interjected judicially, by a judge who had participated in every en banc determination by the full court set out above, and never in any of them expressed any reservations on the constitutionality of the process.
The motion for certification is denied. No motion for rehearing will be considered. The mandate shall issue upon release of this opinion.
ALLEN, DAVIS, BENTON, VAN NORTWICK, PADOVANO, BROWNING, LEWIS, HAWKES, and THOMAS, JJ., concur; WEBSTER, J., concurs in result only; ALLEN and PADOVANO, JJ., concur with written opinions; WOLF and POLSTON, JJ., concur in part and dissent in part with written opinions; KAHN, C.J., dissents with written opinion in which ERVIN, J., concurs.