CONNER, J.
Alan Ruff appeals his conviction for first-degree murder and sentence of life in prison. He raises two issues on appeal: (1) whether the trial court erred in failing to give a limiting instruction for testimony admissible only for purposes of impeachment; and (2) whether the trial court erred in denying Ruffs motion for judgment of acquittal on the grounds that the State failed to present prima facie evidence of premeditation. Concluding that neither issue has merit warranting reversal, we affirm the conviction and sentence and write only to address the first issue.
At the time of the murder, Ruffs daughter was living with him. His daughter was first interviewed by law enforcement a few days after the murder. In her first statement, his daughter said Ruff was home at the time of the murder. After law enforcement became aware of some phone conversations between Ruffs daughter and one of her co-workers that occurred the morning of the murder, the daughter was interviewed again. When confronted with the telephone conversations with the coworker, the daughter admitted Ruff was not at home around the time of the murder. A little over a year later, Ruffs daughter gave a third statement at the office of Ruffs attorney. At that time, she again stated that Ruff was not at home around the time of the murder and admitted she had lied in her first statement to law enforcement.
At trial, Ruffs daughter testified that her father was at home around the time of the murder. She explained that she had lied at the request of her mother, who was seeking custody of her younger brother.
During the trial, the State presented evidence of the details of the phone conversation between Ruffs daughter and her co-worker. The co-worker testified:
A: We were on the phone and she just mentioned that her father had just gotten home and—
Q. Okay.
A. You know, she sound funny, she sound, and she told me that something was wrong and he had scratches on him and he had blood on his shirt and I asked her if everything was okay and she said, yeah, yeah, I’ll call you back.
Ruffs counsel objected and asked for a limiting instruction on grounds the coworker’s testimony was hearsay admissible only to impeach the daughter and not as substantive evidence of Ruffs guilt. The trial court ultimately held that any instruction would confuse the jury and denied the request for an instruction. Ruff argues the trial court reversibly erred in refusing to give a limiting instruction.
The standard of review is abuse of discretion, although such discretion is limited by the rules of evidence. Akien v. State, 44 So.3d 152, 154 (Fla. 4th DCA 2010).
We agree that absent any other basis for admission of the impeachment testimony, the trial court erred in failing to give the requested instruction. Kingery v. State, 523 So.2d 1199, 1204 (Fla. 1st DCA 1988) (denying the defendant’s request for *1025 a limiting instruction was reversible error where witness’s deposition testimony was admissible for impeachment purposes, but not as substantive evidence).
However, the State argues that the trial court should be affirmed on tipsy coachman[1] grounds because the daughter’s statement to her co-worker was admissible as a spontaneous statement. • Section 90.803(1) provides a hearsay exception for “a spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.” § 90.803(1), Fla. Stat. (2010). “A spontaneous statement must be made at the time of, or immediately following, the declarant’s observation of the event or condition described ... the statement must be made without the declarant first engaging in reflective thought.” Ibar v. State, 938 So.2d 451, 467 (Fla.2006) (internal quotations omitted). The co-worker’s testimony supports the conclusion that Ruffs daughter was describing to the coworker her perceptions of her father as she was seeing him arrive home. Because the spontaneous statement was not inadmissible hearsay, it could be used for substantive purposes and a limiting instruction was not required.

Affirmed.

STEVENSON and DAMOORGIAN, JJ., concur.

. The tipsy coachman doctrine "permits an appellate court to affirm a trial court's decision on a ground other than that raised, below, and argued on appeal, where there is support for the alternative theory or principle of law in the record before the trial court.” Advanced Chiropractic & Rehab. Ctr. v. United Auto. Ins. Co., 103 So.3d 866, 869 (Fla. 4th DCA 2012) (internal quotations omitted); Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999).